**In re James R. CORYELL, III, Bankrupt.**

**James C. MULLEN, Trustee in Bankruptcy for the Estate of James R. Coryell, III, Plaintiff,**

**v.**

**Rose M. CORYELL, Defendant.**

**Bankruptcy No. 79–1135–BK–SMW. Adv. No. 2.**

United States Bankruptcy Court, S. D. Florida.

June 12, 1981.

E. Louis Fields, Ft. Lauderdale, Fla., for defendant/bankrupt.

Gary M. Farmer, Abrams, Anton, Robbins, Resnick, Schneider & Mager, Hollywood, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This cause is before the Court upon the Complaint To Avoid Preferential/Fraudulent Transfer filed by the Plaintiff herein and upon this Court's Order of May 7, 1981, setting the cause for trial before the Court on May 27, 1981; and the Court having heard the testimony and examined the evi-

dence presented, observed the candor and demeanor of the witnesses, and having considered the argument of counsel and being fully advised in the premises, the Court does hereby make the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. On September 25, 1979, JAMES R. CORYELL, III filed a Voluntary Petition in Bankruptcy in this Court and was subsequently adjudicated a Bankrupt.

2. Plaintiff JAMES C. MULLEN is the duly appointed, qualified, and acting trustee in bankruptcy for the Estate of JAMES R. CORYELL, III.

3. In 1962, JAMES R. CORYELL, Jr., the father of the Bankrupt herein, passed away, dying intestate, and owning with his wife, the Defendant ROSE M. CORYELL the following described property, located in Broward County, Florida, within this judicial district:

"The west 40 feet of Lot 18 and the east 15 feet of Lot 19, Block 6, Santa Barbara Estates, Section A, according to the plat thereof recorded in Plat Book 9, Page 10, of the Public Records of Broward County, Florida, together with all and singular the appurtenances thereto belonging." [hereafter the subject property]

4. Title to the subject property was held by the Bankrupt's parents as tenants by the entireties, and the subject property constituted their homestead.

5. Defendant ROSE M. CORYELL has maintained her residence at the subject property continuously since the death of her husband.

6. On June 24, 1975, the Defendant ROSE M. CORYELL executed and delivered a Quit Claim Deed on the subject property to one Louise C. Cannon, which Deed was recorded in the Public Records of Broward County on June 27, 1975 at O. R. Book 6253, Page 38. (Plaintiff's Exhibit No. 1).

7. Also on June 24, 1975 Louise C. Cannon executed and delivered a Quit Claim Deed on the subject property to the Defendant ROSE M. CORYELL and the Bankrupt, JAMES R. CORYELL, III (improperly described as JAMES R. CORYELL, JR.) as joint tenants with rights of survivorship. This instrument was also recorded in the public records of Broward County at O. R. Book 6253, Page 39. (Plaintiff's Exhibit No. 2).

8. On December 23, 1975 the Defendant ROSE M. CORYELL and the Bankrupt JAMES R. CORYELL, III gave a Mortgage Deed on the subject property to United Federal Savings and Loan Association which was recorded in the public records of Broward County at O. R. Book 6848, at Page 456. (Plaintiff's Exhibit No. 3).

9. The foregoing Mortgage Deed was given to United Federal Savings and Loan Association in connection with a loan in the amount of $25,000.00, the proceeds of which were largely used by the Bankrupt in payment of his personal obligations. Only a small percentage of the loan was used by the Defendant ROSE M. CORYELL.

10. The Bankrupt has made nearly all of the monthly installment payments on the mortgage obligation to United Federal Savings and Loan Association since the inception, and up to and including the time of trial in this cause.

11. On August 11, 1978, the Defendant ROSE M. CORYELL and the Bankrupt JAMES R. CORYELL, III executed a Warranty Deed conveying all of their right, title, and interest in the subject property to the Defendant ROSE M. CORYELL, alone. (Plaintiff's Exhibit No. 4).

12. The foregoing described Warranty Deed was apparently actually delivered at the time of its execution to the Defendant ROSE M. CORYELL and thereafter given by her to an attorney for recordation in the public records of Broward County.

13. The foregoing described Warranty Deed (Plaintiff's Exhibit No. 4) although made and executed on August 11, 1978, was not filed for public record in Broward County, Florida (or indeed anywhere) until July 19, 1979 when it was filed at O. R. Book 8335, Page 532.

14. July 19, 1979 is within four months of the date of the filing of the bankruptcy petition, i. e., September 25, 1979.

15. On July 19, 1979 the Bankrupt was insolvent, and his liabilities exceeded his assets.

16. At the time of the execution and delivery of the Warranty Deed (Plaintiff's Exhibit No. 4) there were lawsuits pending against the Bankrupt which ultimately resulted in Judgments being entered against him for money damages in excess of $50,-000.00, as disclosed on the Schedules filed herein.

17. Although the Bankrupt testified in this cause that the conveyance represented by the Plaintiff's Exhibit No. 4 was made and executed purely at the insistence of the Defendant, his mother, for Estate-planning purposes, the Court finds that it was done for the purpose of attempting to protect the Bankrupt's interest in the subject property from existing creditors and to hinder and impair such creditors in attempting to satisfy their claims against any property of the Bankrupt, or in which the Bankrupt had an interest.

18. On July 19, 1979, the subject property had a value in excess of $35,000.00.

19. There was no consideration, money, property, or thing of value given by the Defendant to the Bankrupt in connection with the execution and delivery of the Warranty Deed in Plaintiff's Exhibit No. 4, and the conveyance was made wholly without fair consideration.

20. As a result of the conveyance in Plaintiff's Exhibit No. 4, the Bankrupt was rendered thereby incapable of satisfying the claims of existing creditors and was rendered insolvent.

21. On August 11, 1978 and on July 19, 1979 Defendant ROSE M. CORYELL had reasonable cause to believe that her son, the Bankrupt, was insolvent and would be rendered insolvent by virtue of the transfer evidenced by Plaintiff's Exhibit No. 4.

22. The effect of the transfer in Plaintiff's Exhibit No. 4 was to enable the Defendant to obtain a greater percentage of any such debt than some other creditor of the same class of unsecured creditors.

23. The Bankrupt effected the transfer to the Defendant with the purpose or intent to delay, hinder, or defraud existing creditors of their just and lawful rights against the Bankrupt's property, and the Defendant either knew, or had reasonable cause to believe, of the purpose and intent of the Bankrupt in making such transfer.

## CONCLUSIONS OF LAW

24. This Court has jurisdiction over the subject matter and the parties pursuant to §§ 2(7), 60(b), and 67(e) of the Bankruptcy Act, as amended, and pursuant to 28 U.S.C. § 1471 (1979).

25. The transfer evidenced by Plaintiff's Exhibit No. 4 occurred when it was filed for public record in the public records of Broward County, Florida on July 19, 1979. § 60(a)(2) and § 67(d)(5) of the Bankruptcy Act.

26. The transfer evidenced by Plaintiff's Exhibit No. 4 constitutes a "voidable preference" within the meaning of § 60(a) of the Bankruptcy Act.

27. The transfer evidenced by Plaintiff's Exhibit No. 4 occurred on July 19, 1979 when it was filed for public record in the public records of Broward County, Florida. § 67(d)(5) of the Bankruptcy Act.

28. The transfer evidenced by Plaintiff's Exhibit No. 4 constitutes a fraudulent conveyance within the meaning of § 67(d) of the Bankruptcy Act.

29. At the time of the transfer evidenced by Plaintiff's Exhibit No. 4, the Bankrupt was "insolvent" within the meaning of § 1(19) and § 67(d)(1)(d) of the Bankruptcy Act.

30. At the time of his father's death in 1962, the Bankrupt, as the only son of JAMES R. CORYELL, JR., and ROSE M. CORYELL, acquired a vested remainder in the subject property pursuant to former § 731.27, Fla.Stat. (1961), now § 732.401, Fla.Stat. (1979).

31. The transfer evidenced by Plaintiff's Exhibit No. 4 constitutes a "fraudulent conveyance" within the meaning of § 726.01 Fla.Stat. (1979).

32. Plaintiff, the trustee herein, is entitled to a Final Judgment cancelling, vacating, and setting aside the transfer evidenced by Plaintiff's Exhibit No. 4 and providing that by virtue of the filing of the voluntary petition in bankruptcy herein that the Plaintiff is the owner of an undivided one-half interest in the subject property and that the subject property should be hereafter sold and the proceeds of such sale thereafter divided equally between the Defendant ROSE M. CORYELL and the Plaintiff, as trustee for the Estate of JAMES R. CORYELL, III.